IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**MELVYN D. SPURGEON,**

    **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 3:05CV100**

**CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON,**

    **Defendant.**

**ORDER GRANTING IN PART AND DENYING IN PART
<u>MOTION FOR SUMMARY JUDGMENT</u>**

On this day, the above-styled matter came before the Court for consideration of the Defendant's Motion for Summary Judgment, filed May 4, 2007 (Doc. 48). The defendant filed an earlier motion for summary judgment on June 15, 2006 (Doc. 18). On October 20, 2006, the plaintiff filed his response in opposition (Document No. 24). The defendant then filed a reply to plaintiff's response on October 30, 2006 (Document No. 26). This Court, after reviewing the above, granted in part and denied in part the earlier motion (Doc. 38). With regard to the present motion, the plaintiff determined to stand on his earlier response (Doc. 24). The defendant filed a new reply to the response on September 19, 2007. The second motion having been fully briefed, the same is ripe for decision.

Based upon a review of the second motion for summary judgment, this Court is of the opinion that the Defendant's Motion for Summary Judgment [Doc. 48] should be, and is, hereby **ORDERED GRANTED IN PART AND DENIED IN PART**.

1

# SUMMARY JUDGMENT STANDARD

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. ***Celotex Corp. v. Catrett***, 477 U.S. 317 (1986). However, as the United States Supreme Court noted in ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986), Rule 56(c) itself provides that "a party opposing a properly supported motion for summary judgment 'may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." ***Id.*** at 250 (*See also* ***Charbonnages de France v. Smith***, 597 F.2d 406, 414 (4th Cir.1979) (summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law") (quoting ***Stevens v. Howard D. Johnson Co.***, 181 F.2d 390, 394 (4th Cir.1950)).

In ***Celotex***, the Supreme Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

proof at trial." ***Celotex Corp. v. Catrett***, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574 (1986).

## **FACTS**

The defendant, Certain Underwriters at Lloyd's, London (hereinafter "Underwriters"), issued an insurance policy to Melvyn D. Spurgeon (hereinafter "Spurgeon"). On January 29, 2003, within the applicable policy period, Spurgeon's tractor-trailer was involved in a motor vehicle accident in New Jersey. Both the tractor and trailer were covered by the policy issued by Underwriters.

The tractor and trailer were towed to a facility in Morristown, New Jersey, on the day of the accident. Despite the fact that the accident occurred on January 29, 2003, Underwriters did not resolve the claim until July 25, 2005. As a result, the charge for the storage of the vehicle is relatively large.

It is the charge for towing and storage that is primarily at issue in this case. On November 23, 2003, the towing and storage company filed suit against Spurgeon in New Jersey to recover payment for the towing and storage charges. Underwriters refused to pay the charges and refused to defend Spurgeon in the case, claiming that there was no coverage for towing and storage charges.

## **ANALYSIS**

In its motion for summary judgment, Underwriters seeks judgment on three bases; first, that there is no coverage for towing and storage; second, that there was no duty to defend Spurgeon; and third, that there is no longer any claim for damages to the tractor

3

and trailer, inasmuch as Underwriters has paid the lienholders for the damages and secured releases from each.

With respect to the first issue, Underwriters contends that the Court should grant summary judgment because Spurgeon only purchased physical damage comprehensive coverage and physical damage collision coverage; there is no coverage for towing or storage. Underwriters argues that because there is no policy provision providing for the payment of towing and storage, there is no obligation to pay those charges.

Underwriters overlooks the fact that the policy imposes a duty upon the insured to "[t]ake all reasonable steps to protect the covered 'auto' from further loss or damage and any such other or further loss or damage due directly or indirectly to the Assured's failure to protect shall not be recoverable hereunder." (Policy, Section VI - Trucker's Conditions, ¶ 7(d)(2)).

> "The issue of recovery under a property insurance policy for the insured's own expenses in preventing, minimizing, or investigating a loss is generally determined in part by the terms of the policy, in part by application of historical common law principles of mitigation, and, potentially, by the terms of statutes of various types. While the very recitation of these factors indicates that true general principles are hard to come by, it is safe to say that the insured will generally be allowed to recover expense items that can be shown to have, or to have likely, inured to the insurer's own benefit by preventing or minimizing a loss for which the insurer would have been liable. The rationale for this principle is virtually common sense: any other rule would provide the insured with the economic incentive to allow the loss to

4

occur, to the detriment of the insurer, quite possibly the insured, and in a fair number of cases, to the general public, as well.

"Thus, a common law duty on the part of the insured to mitigate covered losses, either by preventing them or minimizing their extent, and a corresponding common law right to recompense from the insurer for the cost of these efforts have often been recognized, even though the items involved may be ones as to which there is no express policy coverage.

"Conversely, if the insured fails to mitigate the loss, the insurer is not liable for any portion of the loss which it can prove is attributable to that failure. Many policies contractually impose the same duty on the part of the insured to take necessary steps and spend sums to prevent further loss or prevent the occurrence of a loss." **Couch on Insurance 3d**, § 178:10. (Citations omitted).

"A policy provision requiring the insured to protect the vehicle from harm or damage following a collision permits the insured to recover expenses of towing the vehicle to a place of safety." **Couch**, *supra* at 178:12, *citing* **City Coal & Supply Co. v. American Auto. Ins. Co.**, 99 Ohio App. 368, 59 Ohio Op. 143, 133 N.E.2d 415 (7th Dist. Mahoning County 1954); **Southwestern Fire & Cas. Co. v. Kendrick**, 281 S.W.2d 344 (Tex. Civ. App. Fort Worth 1955); **Aetna Cas. & Sur. Co. v. Eberheim**, 41 Conn. Supp. 125, 556 A.2d 1067 (Super. Ct. 1988); **Hulsing v. Iowa Nat. Mut. Ins. Co.**, 329 N.W.2d 5 (Iowa 1983); **Myers v. American Indem. Co.**, 457 S.W.2d 468 (Mo. Ct. App. 1970); **Emmco Ins. Co. v. Burrows**, 419 S.W.2d

5

665 ( Tex. Civ. App. Tyler 1967).

A similar issue was presented in *State Farm Mutual Automobile Ins. Co. v. Toro*, 127 N.J.Super. 223, 316 A.2d 745 (1974). In that case, the court stated:

> In the instant case defendant seeks compensation for towing and storage charges as part of his consequential damages. Such charges were clearly sustained as the proximate result of the damage to his vehicle. Many policies of automobile insurance obviate the need to resort to a common-law damage formula by including a 'protection of salvage' or 'duty to protect' clause, under which any act of the insured in recovering, saving and preserving the property, in case of loss or damage, shall be considered as done for the benefit of all concerned, and all reasonable expenses thus incurred constitute a claim under the policy. Under such a provision towing and storage charges have uniformly been held to be recoverable. See, E.g., *Parodi v. Universal Ins. Co.*, [128 N.J.L. 433, 26 A.2d 557 (Sup.Ct. 1942)]; *Harper v. Pelican Trucking Co.*, 176 So.2d 767 (La.Ct.App.1965); *Buxton v. International Indem. Co.*, 47 Cal.App. 583, 191 P. 84 (D.Ct.App.1920); *Southwestern Fire & Cas. Co. v. Kendrick*, 281 S.W.2d 344 (Tex.Civ.App.1955); *City Coal & Supply Co. v. Amer. Auto Ins. Co.*, 99 Ohio App. 368, 133 N.E.2d 415 (Ct.App.1954). The towing and storage charges herein sought would have been covered by the 'duty to protect' clause contained in the general section of the State Farm policy but for the fact that the insured was involved in an accident with an Uninsured motorist. In the absence of a 'duty to protect' clause applicable to the uninsured

motorist endorsement the court considers the towing and storage charges to have been naturally and proximately caused by the accident under the rule of **Hintz v. Roberts**, *Supra*. They are damages which the insured is 'legally entitled to recover.' It is highly foreseeable that the owner of a damaged vehicle will have to tow it from the scene of an accident and store it at some location to await repair. Policy exclusions notwithstanding, an insured is entitled as part of his property damage claim to reimbursement of the expenses incurred in protecting his insurer against further property loss and safeguarding the damaged vehicle by application of general principles of law. A tortfeasor, as well, would expect his victim to take reasonable measures to safeguard damaged property. **Harper v. Pelican Trucking Co.**, *Supra*, 176 So.2d at 773; **Myers v. Amer. Indem. Co.**, 457 S.W.2d 468, 471 (Mo.Ct.App.1970); 15 Blashfield, **Automobile Law and Practice**, § 480.13 at 45 (1969); 7 Appleman, **Insurance Law and Practice**, § 4327 at 110 (1971 pocket part).

127 N.J.Super. at 227-28; 316 A.2d at 747-48.

Based upon the foregoing authorities, this Court is of the opinion that Underwriters is responsible for the towing and storage charges as a matter of law.

"[S]ummary judgment may be rendered in favor of the nonmoving party, even though that party has made no formal motion under Federal Rule of Civil Procedure 56. *See, e.g.,* **Celotex Corp. v. Catrett**, 477 U.S. 317, 326 (1986); **Dickeson v. Quarberg**, 844 F.2d 1435, 1444 n. 8 (10th Cir.1988); **National Expositions, Inc. v. Crowley Maritime Corp.**,

7

824 F.2d 131, 133 (1st Cir. 1987); *see also* **Dabney v. Cunningham**, 317 F.Supp. 57 (E.D.Va.1970); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, **Federal Practice and Procedure: Civil 3d** § 2720, at 351-52 (1998)." **Sentara Virginia Beach Gen. Hosp. v. LeBeau**, 188 F.Supp.2d 623 (E.D.Va. 2002). *Accord,* **Calvert v. West Virginia Legal Services Plan, Inc.**, 464 F.Supp. 789 (S.D.W.Va. 1979).

Accordingly, this Court will grant summary judgment to the plaintiff on this issue.

The resolution of the first issue makes the second issue simpler. Inasmuch as the costs for towing and storage are the responsibility of Underwriters, it had the duty to defend Spurgeon in the New Jersey action. **Tackett v. American Motorists Ins. Co.**, 213 W.Va. 524, 584 S.E.2d 158 (2003). Summary judgment will be granted to the plaintiff on this issue as well.

The final issue is whether there remains a claim for the damages to the tractor and trailer. While Underwriters asserts that it has satisfied its duty by paying off the liens on the tractor and trailer, it has not contended that it has paid the actual cash value at the time of loss. There also remains the issue of whether the payment for the trailer on July 25, 2005, was triggered by the institution of this action on January 31, 2005.

## **CONCLUSION**

For the reasons stated above, the plaintiff is hereby granted summary judgment on the issue of whether Underwriters is legally responsible for the payment of the towing and storage charges. Spurgeon is **GRANTED** judgment against Underwriters for the full amount of the towing and storage charges together with interest at the legal rate from January 29, 2003, to the present. The plaintiff is also **GRANTED** summary judgment on

the issue of whether Underwriters had a duty to defend Spurgeon in the New Jersey action. Damages on this issue will be assessed at the trial on the bad faith aspects of this case. Finally, summary judgment is **DENIED** on the issue of whether the defendant has fulfilled its duty with regard to the payment of actual cash value for the tractor and trailer.

Defendant's Motion for Summary Judgment (Document No. 48) is hereby **GRANTED IN PART** and **DENIED IN PART**. Scheduling for the remainder of this action will be set at a **telephonic scheduling conference** which will be held on **January 11, 2008, at 11:00 a.m.** The Court will initiate the conference call.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: January 2, 2008.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE