IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**MELVYN D. SPURGEON,**

    Plaintiff,

v.                                CIVIL ACTION NO. 3:05CV100

**CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON,**

    Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART UNDERWRITERS' MOTION TO AMEND OR ALTER JUDGMENT OR, IN THE ALTERNATIVE, FOR RECONSIDERATION

On this day, the above-styled matter came before the Court for consideration of the Underwriters' Motion to Amend or Alter Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or, in the Alternative, for Reconsideration (Doc. 63).

Having reviewed the motion and the argument stated therein, this Court rules as follows:

1.    This Court will not amend, alter or reconsider its ruling that Underwriters are liable under the Policy for the towing and storage charges incurred following the collision.

Underwriters overlooks the fact that the Policy places several duties upon the Insured. First, the Policy imposes a duty upon the Insured to "[t]ake all reasonable steps to protect the covered 'auto' from further loss or damage and any such other or further loss or damage due directly or indirectly to the Assured's failure to protect shall not be recoverable hereunder." (Policy, Section VI - Trucker's Conditions, ¶ 7(d)(2)).

1

Further, the Policy requires the Insured a reasonable time and opportunity to examine the vehicle before any physical evidence of damage is removed. It is not the plaintiff's fault that it took Underwriters one and one-half years to resolve this claim.

In their motion, Underwriters claims that they had no salvage rights in the vehicle to be protected. Yet the Policy provides that it "shall be optional with the Underwriters to take all or any part of the property at the agreed or appraised rate, but there can be no abandonment thereof to the Underwriters."

Underwriters' Motion will be denied as to this claim.

2. Nor will the Court amend, alter or reconsider its decision with regard to the duty to defend. Having ruled that the towing and storage charges were the obligation of Underwriters, Underwriters had the obligation to defend a suit brought for those charges.

3. This Court will alter its judgment as to requiring Underwriters to pay the actual cash value at the time of loss. Underwriters has demonstrated that they paid the full policy proceeds, less deductible, as required by the Policy. Accordingly, this is no longer an issue. The issue remains, however, as to whether the payment for the trailer on July 25, 2005, was triggered by the institution of this action on January 31, 2005.

4. This Court also believes that the grant of summary judgment was proper. "[S]ummary judgment may be rendered in favor of the nonmoving party, even though that party has made no formal motion under Federal Rule of Civil Procedure 56. *See, e.g.,* **Celotex Corp. v. Catrett**, 477 U.S. 317, 326 (1986); **Dickeson v. Quarberg**, 844 F.2d 1435, 1444 n. 8 (10th Cir.1988); **National Expositions, Inc. v. Crowley Maritime Corp.**, 824 F.2d 131, 133 (1st Cir. 1987); *see also* **Dabney v. Cunningham**, 317 F.Supp. 57

(E.D.Va.1970); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2720, at 351-52 (1998)." *Sentara Virginia Beach Gen. Hosp. v. LeBeau*, 188 F.Supp.2d 623 (E.D.Va. 2002). *Accord,* *Calvert v. West Virginia Legal Services Plan, Inc.*, 464 F.Supp. 789 (S.D.W.Va. 1979).

5. Finally, this Court is of the opinion that the grant of prejudgment interest was and is proper. That aspect of the previous judgment will not be amended, altered or reconsidered.

## **CONCLUSION**

For the reasons stated above, the Underwriters' Motion to Amend or Alter Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or, in the Alternative, for Reconsideration (Doc. 63) is hereby **GRANTED IN PART AND DENIED IN PART**. This Court will not amend, alter or reconsider its decision on the issue of whether Underwriters is legally responsible for the payment of the towing and storage charges. Spurgeon is **GRANTED** judgment against Underwriters for the full amount of the towing and storage charges together with interest at the legal rate from January 29, 2003, to the present. This Court will not amend, alter or reconsider its decision on the issue of whether Underwriters had a duty to defend Spurgeon in the New Jersey action. Damages on this issue will be assessed at the trial on the bad faith aspects of this case. This Court will amend, alter or reconsider its decision on the issue of whether the defendant has fulfilled its duty with regard to the payment of actual cash value for the tractor and trailer. The issue remains, however, as to whether the payment for the trailer on July 25, 2005, was triggered by the institution of this action on January 31, 2005.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: February 8, 2008.

*[Signature]*

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE